UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BINH VAN TRAN, ) | |
| ) | Case No. 1:25-cv-12546 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| PATRICIA HYDE, Acting Director of the ) | |
| Boston Field Office, U.S. Immigration and ) | **ORAL ARGUMENT** |
| Customs Enforcement; ) | **REQUESTED** |
| TODD LYONS, Acting Director of the ) | |
| U.S. Immigration and Customs Enforcement ) | |
| MICHAEL KROL, HSI New England Special ) | |
| Agent in Charge; and ) | |
| KRISTI NOEM, Secretary of the ) | |
| U.S. Department of Homeland Security; ) | |
| in their official capacities, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

1. Respondents have unlawfully held Petitioner Binh Van Tran in immigration detention at the Department of Homeland Security ("DHS")'s U.S. Immigration and Custom Enforcement ("ICE") Boston Field Office since September 11, 2025, even though the federal government has no ability to remove him from the United States in the reasonably foreseeable future.

2. Immediately prior to Mr. Tran's detention, he was on an Order of Supervision ("OSUP").

3. Petitioner Tran is a non-citizen who entered the United States as a refugee from Vietnam.

4. On or around October 5, 2000, an Immigration Judge ordered Mr. Tran's removal to Vietnam due to a prior conviction in Massachusetts. Pending his removal proceedings, Mr. Tran was taken into immigration detention.

5. While in custody, Immigration and Naturalization Services ("INS") previously tried to request travel documents for Mr. Tran to Vietnam on or around 2000.

6. On or around April of 2001, Mr. Tran was released from immigration custody and placed onto OSUP because Vietnam did not accept him back.

7. Since then, Mr. Tran has consistently checked in with ICE. At no point prior to his current detention did ICE obtain travel documents from Vietnam for Mr. Tran.

8. Upon Mr. Tran's detainment today, ICE provided counsel with a copy of the Revocation of Release.

9. At this juncture, ICE has not asserted that Mr. Tran is a flight risk or a danger to the community.

10. At this juncture, ICE has not asserted that Vietnam will accept Mr. Tran for repatriation in the reasonably foreseeable future.

11. Yet, the government initiated an unlawful and unconstitutional detention of Mr. Tran. Because Petitioner Tran's current detention is not tied to any legitimate purpose, it violates 8 U.S.C. § 1236(a) and the Substantive Due Process of the Fifth Amendment of the United States Constitution.

12. Accordingly, Petitioner Tran seeks a Court order requiring his immediate release and enjoining Respondents from re-detaining him unless his removal becomes reasonably foreseeable.

## JURISDICTION

13. The court has jurisdiction under 28 U.S.C. § 2241 and Article I, Section 9, Clause 2 of the U.S. Constitution ("Suspension Clause"), as Petitioner is currently in custody under the

color of the authority of the United States in violation of the Constitution, laws, or treaties thereof.

## VENUE

14. Venue lies in the U.S. District of Massachusetts because Petitioner is currently detained at the Boston ICE Field Office in Burlington, Massachusetts and a substantial part of the events or omissions giving rise to his claims occurred in Massachusetts. *See* 28 USC §§ 1391, 2241.

## PARTIES

15. Petitioner Tran is a resident of Boston, Massachusetts who arrived in the United States as a refugee, and who is presently being detained for immigration purposes at the direction of the DHS's Boston ICE Field Office in Burlington, Massachusetts.

16. Respondent Hyde is the Acting Director of the Boston ICE Field Office and is being sued in her official capacity.

17. Respondent Lyons is the Acting Director of the U.S. Immigration and Customs Enforcement and is being sued in his official capacity.

18. Respondent Krol is the Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

19. Respondent Noem is the Secretary of the U.S. Department of Homeland Security and is being sued in her official capacity.

## FACTS

20. Mr. Tran is a 69-year-old non-citizen who was born in Hanoi, Vietnam.

21. Mr. Tran entered the United States as a refugee in 1982.

22. Mr. Tran is married to his U.S. citizen wife of approximately 18 years.

23. Recently, Mr. Tran's wife was hospitalized due to a serious illness. She was then transferred to a rehabilitation center in East Boston where she has remained since July of 2025. Mr. Tran sees her daily and provides emotional and physical support to aid in his wife's recovery.

24. Mr. Tran has consistently been employed full-time at a hardwood flooring supplying company. However, he has been temporarily unemployed to care for his wife.

25. On or around 1985, Mr. Tran received a conviction in Massachusetts for a crime in which he pleaded guilty and sentenced to incarceration.

26. On or around 1999, INS, the predecessor to the Department of Homeland Security's Immigration and Customs Enforcement ("ICE") initiated removal proceedings against Mr. Tran due to a 1986 Massachusetts conviction.

27. On or around September 2000, after approximately 14 years of incarceration and establishing rehabilitation, Mr. Tran was released on parole.

28. Though released on parole, Mr. Tran still faced immigration removal proceedings that began in or around 1999.

29. On or around September 2000, pending his removal proceedings, INS arrested Mr. Tran and placed him in federal detention in New Hampshire.

30. On or around October 5, 2000, Mr. Tran was ordered removed by an Immigration Judge. Vietnam was designated as the country of removal.

31. While Mr. Tran was in INS custody, the U.S. attempted to request travel documents for Mr. Tran but was unsuccessful. Mr. Tran was not accepted by Vietnam.

32. On or around April 2001, Mr. Tran was released from INS custody and placed on an Order of Supervision ("OSUP"). He was in INS detention for approximately 6 months after his removal order.

33. At the time of his release on OSUP, the U.S. and Vietnam did not have an existing agreement to repatriate Vietnam nationals like Mr. Tran who had a removal order.

34. In 2008, the U.S. and Vietnam signed a Memorandum of Understanding ("MOU") allowing for the repatriation of Vietnamese nationals who entered the United States after 1995. Mr. Tran remained ineligible for repatriation under this MOU because he arrived in the United States before 1995.

35. Since his release on an Order of Supervision, more than 24 years ago, Mr. Tran has complied with checking in with ICE and his release terms to the best of his knowledge.

36. Since 2020, he has been checking in with ICE virtually on a yearly basis with the assistance of his parole officer, Ryan Joyce, due to his limited proficiency in technology.

37. Throughout the 24 years since his release from ICE detention, ICE has not shown that he is one of the individuals eligible for repatriation to Vietnam.

38. The U.S. and Vietnam have signed a subsequent MOU in 2020 to accept certain individuals with removal orders who arrived in the U.S. prior to 1995.

39. Since its signing, the U.S. did not attempt to request travel documents for Mr. Tran to Vietnam.

40. On or around late August of 2025, Mr. Tran checked in to the Boston ICE Field Office by email with the help of his parole officer.

41. On or around the week of September 3, Mr. Tran's parole officer received a response from ICE instructing him to report to the Boston ICE Field Office the following week. No

specific date was provided to check into the Boston ICE Field Office, and no explanation was provided for why Mr. Tran was no longer eligible for email reporting.

42. This morning, on September 11, 2025, Mr. Tran reported to ICE at the Boston ICE Field Office in Burlington, MA. After a few hours of waiting, he was asked to fill out a self-declaration form for travel documents per ICE's request. Mr. Tran complied with ICE's request. Afterwards, he was subsequently detained.

43. At the time ICE re-detained Mr. Tran, it could have no reason to believe that Mr. Tran would be promptly removed from the United States, because no travel document request has been submitted to Vietnam nor approved or issued. ICE had not recently asked Mr. Tran to request any travel documents prior to his ICE check-in.

44. At the time of this filing, it is believed that Mr. Tran currently remains at the Boston ICE Field Office in Burlington, Massachusetts.

45. The Declaration of Binh Van Tran, sworn under penalty of perjury, is attached to this Petition as **Exhibit 1**, respectively, and the allegations therein are incorporated hereto by reference, in satisfaction of the requirements of 28 U.S.C. §§ 1746, 2242.

## CLAIMS FOR RELIEF
### COUNT ONE – VIOLATION OF 8 U.S.C. § 1231(a)(6)

46. The foregoing allegations are realleged and incorporated herein.

47. Mr. Tran is currently in the custody of the Respondent under or by color of the authority of the United States, based on his detainment at the ICE Boston Field Office in Burlington.

48. Mr. Tran's detention violates 8 U.S.C. § 1231.

49. Mr. Tran is being detained for immigration purposes when ICE knows that it cannot effect his prompt removal from the United States, that Mr. Tran is neither a flight risk nor a danger, and that he has not violated conditions of his Order of Supervision. Thus, ICE has no permissible basis for depriving of his liberty, in violation of 8 U.S.C. § 1231(a)(6) as well as its respective implementing regulations. A judicial order requiring Mr. Tran's release from custody would remedy Respondents' unlawful conduct.

### COUNT TWO – VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS

50. The foregoing allegations are realleged and incorporated herein.
51. Mr. Tran is currently in the custody of the Respondent under or by color of the authority of the United States, based on his detainment at the ICE Boston Field Office in Burlington.
52. Mr. Tran's detention violates the U.S. Constitution.
53. Mr. Tran is being detained for immigration purposes when ICE knows that it cannot effect his prompt removal from the United States, that Mr. Tran is neither a flight risk nor a danger and that he has not violated conditions of his Order of Supervision. Thus, ICE has no permissible basis for depriving Mr. Tran of his liberty, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.
54. A judicial order requiring Mr. Tran's release from custody would remedy Respondent's unlawful conduct.

### REQUEST FOR ORAL ARGUMENT

Mr. Tran respectfully requests oral argument on this petition.

## **PRAYER FOR RELIEF**

Wherefore, Mr. Tran respectfully requests that the Court:

A. Order Respondent to immediately release Mr. Tran from DHS ICE custody;

B. Order that Respondents provide the Court and Mr. Tran's counsel with at least two days' notice prior to any removal from Massachusetts;

C. Award Petitioner attorney's fees and costs pursuant to the Equal Access to Justice Act, and on any other basis justified under the law; and

D. Grant such other relief that is deemed just and proper by the Court.

Respectfully submitted,

BINH VAN TRAN,

Dated: September 11, 2025

By his attorneys,

s/ Thao Phuong Ho
Thao Phuong Ho, BBO # 716163
Greater Boston Legal Services
197 Friend St.
Boston, MA 02114
(617) 603-1626
Tho@gbls.org

Janet H. Vo, BBO# 694402
Greater Boston Legal Services
197 Friend St.
Boston, MA 02114
(617) 603-1651
Jvo@gbls.org

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Binh Van Tran, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 11th day of September 2025.

<u>/s/ Thao Phuong Ho</u>

Thao Phuong Ho