UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BINH VAN TRAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PATRICIA HYDE, Acting Director of the )<br>Boston Field Office, U.S. Immigration and )<br>Customs Enforcement; )<br>TODD LYONS, Acting Director of the )<br>U.S. Immigration and Customs Enforcement )<br>MICHAEL KROL, HSI New England Special )<br>Agent in Charge; and )<br>KRISTI NOEM, Secretary of the )<br>U.S. Department of Homeland Security; )<br>in their official capacities, )<br>)<br>Respondents. )<br>_____ ) | Case No. 1:25-cv-12546-ADB<br><br>**EMERGENCY HEARING<br>REQUESTED** |

## PETITIONER'S EMERGENCY MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 26, 2025 ORDER

Pursuant to Federal Rules of Civil Procedure Rule 60(b), Petitioner Binh Van Tran respectfully requests this Court to reconsider its electronic Order granting his Writ of Habeas Petition in Part. That order, based on a significant error in the government's pleadings, incorrectly and unfairly instructed the government to now first provide Mr. Tran with a bond hearing under 8 U.S.C. § 1226(a). Mr. Tran is instead entitled to immediate release pursuant to the supervision order already in place under 8 U.S.C. § 1231(a).  He therefore requests that the Court amend its order granting his habeas corpus petition in part, to instead order Mr. Tran's immediate release under his existing supervision order. It would be manifestly unfair, under existing law, to subject Mr. Tran to potential denial of a bond at this time. Payment of a significant bond to secure release

1

would also be manifestly unfair. Further, it would be manifestly unfair to require Mr. Tran to appear for a bond hearing given his ongoing inaccessibility to counsel while at ICE's Buffalo Federal Detention Facility in Batavia, NY, where he is currently held. In attempting in good faith to narrow the issues on this Motion with Respondents over the last couple of days, Petitioner's counsel was only just verbally notified late yesterday of a bond hearing scheduled for Friday, December 5, 2025. Petitioner's counsel still has not received a copy of the Notice or any details of the time and place for this bond hearing.

On November 26, 2025, Respondents filed a late Response incorrectly identifying that Mr. Tran's legal status makes him subject to detention under § 1226(a) and should be directed to a bond hearing akin to *Morales v. Plymouth Correctional Facility*.[1] Because Mr. Tran has been living in the United States under an Order of Supervision ("OSUP") for over 24 years after receiving a final order of removal, he is instead subject to being treated pursuant to his existing supervision order under § 1231(a), which has long protected the government from the risk that he will abscond. No additional bond requirement is appropriate or permissible under the law. In fact, even without the risk of entry of a bond order, the need for a hearing on the bond is inappropriately delaying Mr. Tran's existing right to release under § 1231(a).

Mr. Tran has been in ICE detention for over 80 days, and the gravity of his unlawful detention grows as he remains separated from his loved ones and community. If the Court determines that it does not have enough evidence to rule on this Motion and the merits of his habeas petition, Mr. Tran respectfully asks the Court to order an emergency hearing for both parties to present their arguments and an opportunity to supplement any additional briefings. Pending an

---

[1] Because of the quick timeline of the Court issuing its order mere hours after the government's response, Mr. Tran did not have an opportunity to submit a reply in opposition to the Response filing.

outcome on his habeas petition, Mr. Tran further asks for an immediate transfer to return to Massachusetts to be closer to his loved ones and legal counsel.

## BACKGROUND

Mr. Tran, a native of Vietnam, lawfully entered the United States ("U.S.") as a refugee in 1982. Doc. No. 1-3 ¶ 1. In 1999, Immigration and Naturalization Services ("INS")[2] initiated removal proceedings against Mr. Tran due to a prior Massachusetts criminal record. *Id.* ¶ 4. During his removal proceedings, Mr. Tran was arrested and placed into INS detention in August 2000. *Id.* ¶ 6. Mr. Tran's immigration status was later revoked when he was ordered removed to Vietnam in or around October 2000. *Id.* ¶ 7. He remained in detention after being ordered removed pending the government's unsuccessful attempt to obtain travel documents to effectuate removal to Vietnam. *Id.* ¶¶ 8–9. In April 2001, the Government released Mr. Tran after more than six months of immigration detention. *Id.* ¶ 9. Since his release, he has been living in the U.S. under an OSUP after the government determined that his removal was not reasonably foreseeable and he was neither a flight risk nor a danger. *Id.* at ¶¶ 10–13, 17; Doc. No. 8-1. This is intended to, and has since 2001, protected the governmental interest in maintaining the possibility that Mr. Tran could eventually be repatriated to Vietnam. Doc. No. 1 ¶¶ 31–39 (describing the reasons that Mr. Tran has not been repatriated).

On September 11, 2025, at his yearly check-in per his OSUP release, Mr. Tran was detained by the DHS Boston ICE Field Office in Burlington, MA. Doc. No. 15-1 ¶¶ 10–12. On that same day, he was transferred to Batavia, NY and remains there pending this petition. *Id.* ¶¶ 12–16; Doc. No. 15-2 ¶¶ 11–14, 25. This re-detention has resulted in separation from his wife for whom he has

---

[2] Immigration and Naturalization Services is the predecessor of the current Department of Homeland Security's U.S. Immigration and Customs Enforcement.

been the primary caregiver since suffering a stroke this past year. Doc. No. 1-3 ¶ 20; Doc. No. 15-1 ¶ 20.

Immediately prior to the issuance of a Notice of Revocation of Release ("Revocation Notice") and re-detention, Mr. Tran was asked to complete a self-declaration form to request travel documents from the government of Vietnam. Doc. No. 15-1 ¶¶ 8–9; Doc. No. 15-1, Sub. Ex. A. Prior to and during detention, Mr. Tran has cooperated to the best of his ability in the government's request for him to complete travel document forms to Vietnam. *Id.*

Since Mr. Tran's transfer to New York, he has had limited access to his attorneys, which has had an impact on his ability to prepare for his legal case. In the last two weeks, despite scheduling at least four virtual meetings, the Buffalo Federal Detention Facility has canceled 3 out of the 4 meetings. Supplemental Declaration of Thao Phuong Ho ("Ho Decl."), **Exhibit 1**, filed herewith, ¶ 3. Consequently, his attorneys have been unable to meaningfully speak to the client to prepare him and promptly discuss his legal options with him. *Id.* ¶ 14.

## ARGUMENT

Respondents incorrectly contended with the Court that the legal issues presented in Mr. Tran's habeas petition were like those presented in *Morales v. Plymouth County Correctional Facility*.[3] *See generally* Doc. No. 24. Mr. Tran's petition challenging his post-removal period re-detention is not governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226(a), but rather by 8 U.S.C. § 1231(a)(6). *See Zadvydas v. Davis*, 533 U.S. 678, 688–689 (2001) (holding that individuals detained under the post-removal-period detention statute have a right to challenge detention through federal habeas corpus proceedings). This Court has also previously recognized that "ICE's decision to re-detain a noncitizen who has been granted supervised release is also governed by 8

---

[3] Electronic Order, *Morales v. Plymouth County Correctional Facility*, No. 25-cv-12602-ADB (D. Mass. Sept. 30, 2025), Doc. No. 15.

C.F.R. § 241.13(i)(2)." *See Siguenza v. Moniz*, No. 25-CV-11914-ADB, 2025 WL 2734704 (D. Mass. Sep. 25, 2025) (acknowledging First Circuit precedent in *Kong v. United States*, 62 F.4th 608 (1st Cir. 2023), in determining habeas petition for OSUP individual whose supervised release was revoked). Noncitizens who are re-detained under 8 U.S.C. § 1231 are entitled to immediate release when the government has not met its burden to justify the revocation of release. *Nguyen v. Hyde*, 788 F.Supp.3d 144, 153 (D. Mass. 2025). Thus, Mr. Tran respectfully asks the Court to reconsider its Order for a bond hearing under 8 U.S.C. § 1226 as not applicable to his circumstances and order instead for his immediate release as the Respondents have not met their burden to justify Mr. Tran's re-detention under 8 U.S.C. § 1231.

## I. *MORALES v. PLYMOUTH COUNTY CORRECTION FACILITY* DOES NOT APPLY TO MR. TRAN'S PETITION BASED ON UNLAWFUL DETENTION.

Despite the record provided before the Court by Mr. Tran, Respondents asserted that Mr. Tran's detention falls under § 1226(a) instead of § 1231(a). *See generally* Docs. No. 1, 1–2; Doc. No. 15-1. This Court in *Morales* found that noncitizens who have not yet been admitted into the U.S. but who are later subsequently arrested and detained here while they are in removal proceedings are subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225, and are thus eligible for a bond hearing "pending a decision on whether the alien is to be removed from the United States." *See* 8 U.S.C. § 1226(a)–(b).

Mr. Tran's legal immigration status, however, is distinct from the petitioner in *Morales* because he previously was admitted into the U.S. as a refugee and has already been ordered removed by an immigration judge. He was thereafter in post-removal immigration detention for at least 6 months. Doc. No. 1-3 ¶¶ 5–9. After the initial removal period, Mr. Tran was released on an OSUP pursuant to 8 U.S.C § 1231(a), due to the U.S. government's inability to repatriate him to Vietnam and finding that he was not a danger to the community or a flight risk. *Id.* ¶ 9. Upon his

release, he became "subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3); Doc. No. 1-3, Sub. Ex. A (outlining conditions of Mr. Tran's OSUP release). Habeas petitions challenging the re-detention of individuals who previously have been held in detention, subsequently released on OSUP, and then re-detained are thus within the purview of § 1231(a)(6). *Zadvydas*, 533 U.S. at 683. As such, any revocation of Mr. Tran's release is not governed by 8 U.S.C § 1226(a) or § 1225(b), but by the regulations associated with 8 U.S.C. § 1231(a).

A finding that Mr. Tran's re-detention falls under 8 U.S.C. § 1226(a) instead of 8 U.S.C. § 1231(a) without any factual basis on the record unfairly prejudices him. Specifically, Mr. Tran faces an unclear hurdle of a discretionary bond hearing where he must prove that he is not a danger to the community or a flight risk, a determination that the government had already made in releasing him on an OSUP over 24 years ago. This unjustly shifts the burden to Mr. Tran to overcome discretion even though ICE did not meet their burden in the first instance to justify his unlawful re-detention. The Respondents should not benefit from their unlawful actions by requiring Mr. Tran to undergo a bond hearing and require payment for release when ICE did not follow its own regulations prior to revoking his release and re-detaining him.

As discussed further below, Mr. Tran's situation more closely parallels the circumstances of *Nguyen v. Hyde*, wherein the petitioner was also re-detained after living in the U.S. under an OSUP release upon a final order of removal and was granted immediate release upon a finding that ICE had violated its own regulations. *See Nguyen*, 788 F.Supp.3d. at 152–153. Mr. Tran should be granted immediate release as the proper equitable relief for his unlawful detention.

## II. ICE HAS NOT PROVEN CHANGED CIRCUMSTANCES FOR RE-DETENTION

In re-detaining an individual on an OSUP, Respondents have the burden of establishing that there are changed circumstances that led Respondents to believe that there is now a significant

likelihood that Mr. Tran's removal is reasonably foreseeable. 8 C.F.R. 241.13(i)(2); *see generally Kong*, 62 F. 4th at 619–620. Because they have not overcome this initial burden in their Response brief, Mr. Tran's re-detention is unlawful and his release must be immediate.

### A. ICE's Authority to Revoke the Release of an Individual on an Order of Supervision is Limited.

ICE does not have absolute power to re-detain an individual whenever it chooses to do so without due process. ICE may only revoke release and re-detain a noncitizen who is on an OSUP for violations of the terms of their release or a determination of changed circumstances that indicate a noncitizen's "significant likelihood" that they "may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1)–(2). When determining whether to re-detain an individual on an OSUP, ICE is required to follow its own regulation and make "(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Kong*, 62 F.4th at 619–620 (citing 8 C.F.R. § 241.13(i)(2)). Only after ICE meets its burden to justify a noncitizen's re-detention does the re-detention become governed by 8 C.F.R. § 241.4. *See generally* 8 C.F.R. § 241.4 (governing the continued detention of noncitizens beyond the removal period). Because Respondents have not alleged that Mr. Tran has violated the terms of his OSUP, Respondents must show that the revocation of his release is based on the factors set out in *Kong*.

### B. ICE Has Not Established That Changed Circumstances Occurred to Justify Re-Detention.

In re-detaining Mr. Tran and in Respondents' Response pleading, Respondents have not met their initial burden in showing that changed circumstances have occurred. Doc. No. 24. To this date, Respondents have only issued Mr. Tran a Revocation Notice, which refers to generalized "changed circumstances" but do not provide a determination individualized to Mr. Tran's situation and supported by factual evidence that there is a significant likelihood that Vietnam will now

accept him. Doc. No. 15-1, Sub. Ex. A. A vague claim of changed circumstances is an insufficient basis for ICE to re-detain an individual on OSUP. *Nguyen,* 788 F.Supp.3d at 150 (finding assertions of likelihood of removal were conclusory without supporting facts). Respondents have not specified any changed circumstances leading to Mr. Tran's re-detention as INS and ICE have failed to secure travel documents to Vietnam since Mr. Tran's initial immigration detention in 2000. Doc. No. 1-3 ¶¶ 8–9; Doc. No. 15-1, Sub. Ex. A. Additionally, vague language used in a Revocation Notice, like the one issued to Mr. Tran, which stated that the revocation decision was "made based on a review of your file and/or your personal interview on account of changed circumstances in your case," is "completely conclusory" and failed to consider other factors under 8 C.F.R. § 241.13(f). Doc. No. 15-1, Sub. Ex. A; *Yang v. Kaiser*, 2025 WL 2791778, at *6 (E.D. Cal. Aug. 20, 2025).

### III. ICE VIOLATED MR. TRAN'S SUBSTANTIVE DUE PROCESS RIGHTS BY UNLAWFULLY RE-DETAINING HIM.

#### A. Mr. Tran's Re-Detention is Not Presumptively Reasonable Under *Zadvydas* Because ICE Did Not Have Authority in the First Instance to Re-Detain Him.

Mr. Tran has a right to challenge his re-detention because Respondents also violated his rights under the Substantive Due Process under the Fifth Amendment. Noncitizens may generally be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689 (2001). Upon release from the initial removal period, ICE must make the individualized determination as outlined in *Kong* to justify re-detention. *Kong*, 62 F.4th at 619–620. Requiring Mr. Tran to wait another six months for judicial review after he was unlawfully re-detained in the first instance would unfairly restrict Mr. Tran's challenges to his re-detention and allow ICE to benefit from violating its own regulations as it attempts to secure travel documents for a removal that is not likely in the reasonably foreseeable future. *See Rombot v. Souza*, 296 F.Supp.3d 383, 389 (D. Mass. 2017) ("The Supreme Court has

recognized that an 'alien may no doubt be returned to custody upon a violation of [supervision] conditions,' but it has never given ICE a carte blanche to re-incarcerate someone without basic due process protections.'") (internal citations omitted). Because "this case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*," but rather ICE's authority to re-detain a noncitizen "after he was issued a final order of removal, detained, and subsequently released on an OSUP," *Zadvydas*'s period of presumptively reasonable detention does not apply. *Nguyen*, 788 F.Supp.3d at 149.

### B. Immediate Release is a Proper Remedy Because Mr. Tran's Re-Detention is Based on a Violation of His Due Process Rights.

When a noncitizen on an OSUP is re-detained after an unlawful revocation of their release, the appropriate remedy is a return to their status quo of release on an OSUP. *See Nguyen*, 2025 WL 2419288, at *10 (citing to cases where "several district courts have recently concluded that releasing a re-detained noncitizen who had been on supervised release preserves rather than alters the status quo."). Many district courts have ordered the immediate release of individuals similarly situated to Mr. Tran, without regard to the duration of the noncitizen's re-detention. *See, e.g., Nguyen*, 788 F. Supp. 3d at 153 (granting petition for writ of habeas corpus); *Pham v. Bondi*, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) (same); *Tang v. Bondi*, 2025 WL 2637750, at *6 (W.D. Wash. Sep. 11, 2025) (granting preliminary injunction); *Nguyen*, 2025 WL 2419288, at *28–29 (same); *Hoac*, 2025 WL 1993771, at *7 (same). As such, Mr. Tran respectfully requests that the Court order his release on his prior OSUP, the status with which he has faithfully complied for the past 24 years.

### REQUEST FOR EMERGENCY HEARING

If the Court cannot rule on this Motion and the merits of Mr. Tran's habeas claim based on the record at this time, he respectfully requests that this Court schedule an emergency hearing for

both parties to present oral arguments. Any further delay will cause ongoing irreparable harm to Mr. Tran's liberty.

### REQUEST TO RETURN MR. TRAN TO MASSACHUSSETTS

Pending this petition, Mr. Tran has remained in ICE detention hundreds of miles away from his loved ones and community. This Court has previously ruled that it holds proper jurisdiction of Mr. Tran's petition. *See generally* Doc. No. 21. It is proper to physically return Mr. Tran to this jurisdiction given this order and the ongoing delays and barriers that Mr. Tran has faced in accessing counsel. *See generally* Ho Decl. If this Court does not grant Mr. Tran's request for immediate release, he asks to be transferred back into jurisdiction and be held at Plymouth County Correctional Facility pending the outcome of this petition, where he will have reliable and in-person access to his attorneys and loved ones for visitation.

### CONCLUSION

Based on the foregoing, Mr. Tran respectfully reiterates his request that the Court grant his Petition for Writ of Habeas Corpus and order his immediate release from ICE detention.

Respectfully submitted,

BINH VAN TRAN,
Petitioner

Dated: December 4, 2025

By his attorneys,

*/s/ Thao Phuong Ho*
Thao Phuong Ho, BBO# 716163
Janet H. Vo, BBO# 694402
Greater Boston Legal Services
197 Friend St.
Boston, MA 02114
(617) 603-1626
THo@gbls.org

**LOCAL RULE 7.1 CERTIFICATION**

      I, Thao Phuong Ho, hereby certify that, pursuant to L.R. 7.1(a)(2), I conferred with Respondents' counsel by telephone and e-mail to inform him of the filing of this Emergency Motion for Reconsideration and request to transfer the Petitioner to Massachusetts. This motion is not assented to.

Dated: December 4, 2025

*/s/ Thao Phuong Ho*
Thao Phuong Ho

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via first class mail.

*/s/ Thao Phuong Ho*
Thao Phuong Ho

Dated: December 4, 2025